UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61084-CV-ALTMAN
MAGISTRATE JUDGE REID

DEREK SEAN SINCLAIR,

     Petitioner,

v.

MARK S. INCH,

     Respondent.
_____/

## **REPORT OF MAGISTRATE JUDGE**

### **I. Introduction**

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of convictions and sentences entered in the State Circuit Court in and for Broward County, Florida, Case No. 96-011288-CF10-A, following a jury trial. [ECF No. 1].

The Undersigned took judicial notice of records that have been added to the docketed. This matter was referred to the Undersigned for consideration and report on all dispositive issues. [ECF No. 2]. For the following reasons, the Petition is untimely.

## II.  Discussion

A. <u>Timeliness</u>

Stated broadly, petitioners have a one-year period from the date a judgment becomes "final" to file a federal habeas petition challenging a state court conviction or sentence. 28 U.S.C. § 2244(d). The date on which a judgment becomes "final" is the day that (1) direct review concludes or (2) the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012) (relying upon 28 U.S.C. § 2244(d)(1)(A)).

The conclusion of direct review applies to petitioners who pursued direct review to the Supreme Court, meaning finality attaches when the Supreme Court denied a petition for writ of certiorari or otherwise affirmed a conviction and sentence on the merits. *Id.* at 150. For all other petitioners, the judgment becomes final at the expiration of the time for seeking direct review either in the Supreme Court or in state court—whichever is latest. *Id.* at 150-51.

Petitioner did not file a petition for writ of certiorari in the Supreme Court, so his date of finality falls into that second category. *See Phillips v. Warden*, 908 F.3d 667, 672 (11th Cir. 2018).

Specifically, Petitioner appealed his convictions and sentences in the Fourth District Court of Appeal ("Fourth DCA"). *See Sinclair v. State*, 717 So. 2d 99 (Fla. 4th DCA 1998). After the Fourth DCA's affirmance, Petitioner did not pursue any

2

other filings on direct review. As Petitioner did not file a petition for writ of certiorari in the Supreme Court, his convictions and sentences became final 90 days from the date the Fourth DCA's affirmed on direct review. *See Cadet v. Sec'y, Fla. Dep't of Corr.*, 853 F.3d 1216, 1219 (11th Cir. 2017); *see also Lewis v. Warden, Phillips State Prison*, 641 F. App'x 878, 882 (11th Cir. 2016) (citing Sup. Ct. R. 13). Accordingly, because the affirmance issued on August 19, 1998, *see Sinclair v. State*, 717 So. 2d 99 (Fla. 4th DCA 1998). Petitioner's convictions and sentences became final on November 17, 1998

Under 28 U.S.C. § 2244(d)(2), the one-year time limitations is tolled during the pendency of a properly filed application for State postconviction review or other collateral review. *Rogers v. Sec'y, Dep't of Corr.*, 855 F.3d 1274, 1275 (11th Cir. 2017).

In this case, the Court need not consider whether certain filings were proper and capable of tolling, as there are two intervals of time demonstrating gaps in Petitioner's state postconviction record.

To illustrate, between at least June 6, 2007 and March 26, 2009, there was no activity on the state circuit court docket, meaning a total of 659 un-tolled days elapsed. Likewise, Petitioner had no filings pending in the state circuit court between November 24, 2015 and approximately June 25, 2018, adding another 944 un-tolled days. A review of Petitioner's appellate proceedings in state court further confirms

3

that no filings were pending during those intervals of time.[1] Because each interval is sufficient to show the instant Petition was filed with more than one year of un-tolled time, the Petition is untimely. Absent an equitable exception, Petitioner is not entitled to a review of his claims.

B. Equitable Tolling

To warrant equitable tolling, Petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation and quotation marks omitted).

Equitable tolling "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)). The petitioner bears the burden of establishing the applicability of equitable tolling by making specific allegations. *See Cole v. Warden, Ga. State*

---

[1] Worth clarifying, a review of Petitioner's appeal in State Appellate Case Number 4D07-9207 shows the mandate issued on May 18, 2007, which meant there was no longer a tolling motion pending in that court on that date. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (concluding Florida postconviction motions toll the time limitations period). As Petitioner had no pending state court litigation on June 6, 2007 in the state circuit court, there was no tolling motion as of June 6, 2007 in any court.

4

*Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citing *Hutchinson v. Fla.*, 677 F. 3d 1097, 1099 (11th Cir. 2012)).

Petitioner provides no allegations to explain why this equitable doctrine should apply. [ECF No. 1 at 18-19]. Given Petitioner's delay in filing this Petition, the record also does not suggest this extraordinary remedy should apply.

C. Actual Innocence and Fundamental Miscarriage of Justice

Actual innocence may sometimes serve to overcome the procedural bar caused by an untimely filing. As the United States Supreme Court held, actual innocence, if proved, serves as a gateway through which a petitioner may pass when the impediment is a procedural bar under the AEDPA. *See McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013).

Petitioner did not rely upon this equitable exception. And his claims only challenge the legal sufficiency of his sentence, his designation as a habitual felony offender, and the postconviction court's determination that he filed a successive filing. As such, the actual innocence exception does not apply. [ECF No. 1]. Without an applicable equitable exception, the Petition is time-barred

### III. Evidentiary Hearing

In this case, an evidentiary hearing in federal court is not needed because the record clearly shows the Petition is time-barred. *See Schiro v. Landrigan*, 550 U.S. 465, 474 (2007) ("It follows that if the record refutes the applicant's factual

allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). *See also* 28 U.S.C. § 2254(e)(2) (stating federal courts "shall *not* hold an evidentiary hearing" "unless the application shows" circumstances that are inapplicable to the instant Petition) (emphasis added).

## IV. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

There is no basis to issue a certificate of appealability in this case.

## V. Recommendations and Conclusions

Based upon the foregoing it is recommended that the Petition be **DENIED** as time-barred. [ECF No. 1]. It is further recommended that an evidentiary hearing be

**DENIED**, a certificate of appealability **NOT ISSUE**, and that this case be **CLOSED**.

Objections to this report may be filed with the District Court Judge within fourteen (14) days of receipt of a copy of the Report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the District Court Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Signed this 24th day of August, 2020.


UNITED STATES MAGISTRATE JUDGE


cc:    Derek Sean Sinclair
       L09506
       Dade Correctional Institution
       Inmate Mail/Parcels
       19000 SW 377th Street
       Florida City, FL 33034
       PRO SE                        7